Downer v. Rowell.

SOLOMON DOWNER v. CHRISTOPHER C. ROWELL.

*Debt on judgment.   Bankruptcy.   Estoppel.*

The proceedings of the U. S. District Court, in cases of bankruptcy, are in the nature of a proceeding *in rem*, like a proceeding in the English courts to obtain an *outlawry*.

And though the statute of bankruptcy, in terms, gives the right to impeach the certificate of the bankrupt, yet where the precise question of fraud has been passed upon by the District Court, it is consistent with the statute to give the adjudication the operation of an *estoppel*, where there is an attempt to impeach the certificate for the same precise fraud that was gone into before the District Court to prevent the bankrupt from obtaining his discharge.

But where the attempt is to impeach the certificate for *further* and *other instances of fraud*, beyond what were passed upon by the District Court, the *adjudication* will not conclude the plaintiff, for the *estoppel* must be confined to such as the case shows were passed upon by the District Court.

DEBT on judgment. Pleas, *nul tiel record,* and bankruptcy.— Replication that there is such a record, and to the plea in bankruptcy, replication that the bankrupt was guilty of fraud and fraudulent concealment of property, and fraudulent preference of creditors, in contemplation of bankruptcy. The defendant rejoined in *estoppel,* to which the plaintiff demurred.

The County Court, December Term, 1852,—COLLAMER J., presiding,—adjudged that there is such a record, as averred, and held the rejoinder sufficient, and gave judgment for the defendant.

Exceptions by plaintiff.

*Washburn & Marsh* and *W. C. French,* for plaintiff.

I. The provisions of the bankrupt act create an exception to the ordinary rule, in respect to *estoppels* by prior adjudication; and in no case, where a certificate in bankruptcy is pleaded, can inquiry as to questions of fraud be precluded by a rejoinder in estoppel of the proceedings in the District Court. Bankrupt Act, § 4. *Mabry* v. *Hendon,* 9 Law Rep. 262. *Beekman* v. *Wilson,* 9 Met. 434.

II. A general allegation of fraud is insufficient. The *facts,* which constitute the fraud, must be alleged.

III. The rejoinder is insufficient, in respect to the manner in which it is pleaded. 1 Chit. Pl. 214.

An estoppel can only be by *record;* and the *record* must be vouched in the plea. The *files* are but *parol* evidence. *Gray* v. *Pingrey,* 17 Vt. 419. *Manning* v. *Harris,* 2 Johns. 30. If the matter do not appear by the record, it should be brought forward by plea in bar, in the nature of a plea in *estoppel.*

It is not sufficiently alleged, that the District Court adjudged that defendant was not guilty of fraud.

IV. The plaintiff is not estopped by having proved a debt in the district court.

1. Such estoppel operates only as to the particular debt proved; and the identity in this rejoinder is not alleged.

2. But if this allegation were inserted as a distinct ground of estoppel, the rejoinder is bad for *duplicity.*

*Tracy, Converse & Barrett* for defendant.

I. Estoppel not *odious,* unless *odiously used.* 2 Smith's leading cases, 430. *Gray* v. *Pingrey,* 17 Vt. 419, remarks of REDFIELD, J. The maxim that "estoppel is odious," had its origin in its early use, when the subject matter was principally *admissions,* and rarely adjudicated by competent tribunals.

See COKE's definition :—" An estoppel is where a man is concluded by his act or acceptance, to say the truth." Coke's Lit. 352, (a.)

II. Defendant relies on *former adjudication.* 1. Has he set forth an adjudication in the rejoinder?

By an examination of the law and course of proceeding prescribed, it will be seen that all the steps are set forth, leading to a final and valid judgment between the parties, on the question of fraud in obtaining defendant's discharge.

2. Does that adjudication cover the subject matter of plaintiff's replication?

*The proceeding in the District Court* was under § 4, of the Bankrupt Act. " And if any such bankrupt shall be guilty of any fraud or willful concealment of his property, or rights of property, or shall have preferred any of his creditors," &c.

The replication in this case is under a subsequent clause of the same section, providing that the discharge and certificate shall be deemed and pleaded as a full and complete bar, &c., " unless the

same shall be impeached for some fraud or willful concealment by him of his property or rights of property, as *aforesaid.*"

In the District Court, defendant was proceeding for a discharge. Downer was defending on the ground of fraud. He then had and took his day in court, with all the means he saw fit to use.

He is concluded by the judgment as to all matters which he might have urged against the granting of the discharge. *Parkhurst* v. *Sumner,* 23 Vt. 538. 1 D. Chip. 308.

. The objections in the District Court cover the charge in the replication. This being apparent on the face of the pleadings, there was no need of alleging *identity* of subject matter. That is necessary only where the identity does not appear except by averment, as in *Outram* v. *Morewood,* 3 East. 346.

III. The vouching of the proof is proper and sufficient. See sec. 13, Bankrupt Act, as to *record,* in view of which this form was adopted. Again: The plea *nul tiel record* would have raised a material issue. Without a record showing the judgment, the rejoinder could not be sustained. The files show, in detail, the steps and means by which the judgment was obtained.

Another view is—that the *files* constitute the record, and under this law they are convertible terms. They are alike proveable by the certificate and seal of the court, and alike conclusive as to the fact they evidence.

The opinion of the court was delivered by

BENNETT, J. It has been argued that the plea in bar is bad. We think there may be some difficulty in sustaining it ; but we are not inclined to pass upon it. It will be much easier for the defendant hereafter to make a plea free from objection, if occasion should call for it, than for the court to sustain the present one. Treating the plea as good, we see no reason why the replication is not a good answer to it, and the question is upon the rejoinder.

This the counsel have criticised with some severity ; claiming that the *estoppel* is not well pleaded *in form ;* but we will pass over, in our opinion, that which is but matter of form, and dispose of the case upon such grounds as may govern the cause in a future trial, if there should be one.

The fourth section of the Bankrupt Act provides, in express

terms, for the *conclusiveness* of the discharge of the bankrupt, when duly granted, unless *impeached for fraud,* or *the willful conceal-ment* of property. If the debts were *proveable,* the statute in ef-fect declares, that in case the discharge and certificate were *super-induced* by fraud, they may be impeached on that ground, as being null and void. But this does not affect the question now before us. The effect which shall be given to the *adjudication* of the District Court, (that there was *no fraud,* which should debar the bank-rupt from his discharge and certificate,) is still an open question.

I apprehend that the proceedings of the District Court, in cases of bankruptcy, are in the nature of a proceeding *in rem,* like a proceeding in the English courts to obtain an *outlawry,* and upon common principles would have been conclusive upon the creditors of the bankrupt, who might have appeared and proved their debts, and made their objections, although they neglected to do it upon proper notice.

The statute gives the right to impeach the *certificate for fraud,* and perhaps the same result would follow, if the statute had not in terms been express on this point. In cases free from fraud, no principle is more important to the welfare of the community, than the one which prohibits matters that have once been solemnly de-cided, from being further drawn *into controversy,* and the principle should have every reasonable application. Downer saw fit to liti-gate the question of *fraud* before the District Court, on certain specific charges. The court had jurisdiction, and did adjudicate upon the matter charged, between the contending parties, and we think so far as the adjudication went, it must *conclude* the parties.

It may, and has been said, that the matter of fraud was gone into before the District Court, to prevent the bankrupt from ob-taining his discharge, and for that purpose the adjudication may be conclusive, but not further.

We apprehend that estoppels have ordinarily a collateral opera-tion, out of, and beyond the immediate proceeding in which they are created; and though the statute, in terms, gives the right to impeach the certificate *for fraud,* yet where the precise question of fraud has been passed upon by the District Court, it is consis-tent with the statute to give the *adjudication* the operation of an *estoppel,* where there is an attempt to impeach the certificate for the same precise fraud, and we think sound policy requires it.

But in the case before us there is an attempt in the replication to impeach the certificate for *further* and *other instances of fraud,* beyond what were specified in Downer's objections, and passed upon by the District Court. We think the *adjudication* should not conclude the plaintiff, as to such specifications; but we confine the *estoppel* to such as the case shows were passed upon. Others stand as all would have stood, if no objections had been filed before the District Court. This, we think, is a fair construction of the statute. As the rejoinder is not an answer to the whole replication, the judgment of the County Court must be reversed.

Judgment reversed and a repleader awarded.